UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
UNIVERSAL HEALTH CARE GROUP, INC.
AMERICAN MANAGED CARE, LLC,
    Debtors

SONEET KAPILA, as Chapter 11 Trustee of
UNIVERSAL HEALTH CARE GROUP, INC.,

    Plaintiff,

v.                                                                            CASE NO. 8:15-CV-636-T-36

WARBERG PINCUS, LLC; WARBURG PINCUS
PRIVATE EQUITY FUND IX, L.P.; ALLEN WISE;
and ALOK SANGHVI,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon the Defendants Warburg Pincus, LLC, Warburg Pincus Private Equity IX, L.P., Allen Wise, and Alok Sanghvi (collectively, "Defendants") Motion for Immediate Withdrawal of the Reference of this Adversary Proceeding in its Entirety (Doc. 1, Case No. 8:15-cv-636), and Plaintiff Soneet Kapila's Limited Motion to Withdraw the Reference (Doc. 1, Case No. 8:15-cv-637).[1] Each party responded to the other's Motion (Doc. 2-1, Case No. 8:15-cv-636; and Doc. 2-1, Case No. 8:15-cv-637, respectively). The Court, having considered the Motions and being fully advised in the premises, will now DENY the Motions.

---

[1] Case Nos. 8:15-cv-636 and 8:15-cv-637 have been consolidated. The lead case is Case No. 8:15-cv-636. *See* Doc. 5, Case No. 8:15-cv-636.

I.  **BACKGROUND**

Adversary Proceeding No. 8:15-ap-132 (Bankr. M.D. Fla.) (the "Adversary Proceeding") was initiated by Soneet Kapila, as Chapter 11 Trustee of the bankruptcy estate of Universal Health Care Group, Inc., and seeks to avoid a stock redemption transaction and an assessment of damages related to that transaction.[2]  *See* Adversary Proceeding, Doc. 1.  Plaintiff's claims are predicated on theories of fraudulent transfer, unfair transaction, and breach of fiduciary duty.  *Id.*  Plaintiff demands trial by jury as to all issues so triable.  *Id.* ¶ 163.

Defendants now seek to withdraw, in its entirety and for all purposes, the reference of the Adversary Proceeding.  Plaintiff, on the other hand, seeks to withdraw the reference only for the limited purpose of conducting a jury trial, and seeks to maintain the Adversary Proceeding in the Bankruptcy Court for all pretrial matters.

II.  **DISCUSSION**

28 U.S.C. § 157(d) permits a district court to withdraw the reference of an adversary proceeding "for cause shown."  In determining whether cause exists, a court considers whether withdrawal of the reference would support goals such as "advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating that bankruptcy process."  *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (citation omitted).  In making this determination, courts have also considered other factors such as "whether the claim is core or non-core," "efficient use of judicial resources," "a jury demand," and "prevention of delay."  *In re Hvide Marine Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000) (quotation marks and citation omitted).

---

[2] The underlying bankruptcy case is *In re Universal Health Care Group, Inc.*, Case No. 8:13-bk-1520 (Bankr. M.D. Fla.), which is being jointly administered with *In re American Managed Care, LLC*, 8:13-bk-5952 (Bankr. M.D. Fla.).

Defendants argue that the reference of the Adversary Proceeding should be withdrawn immediately and in its entirety because the parties are entitled to a jury trial, but have declined to consent to a jury trial before the Bankruptcy Court. Defendants add that withdrawing the reference would promote judicial efficiency and conserve the parties' resources by giving this Court the opportunity to develop the contours of the case prior to presiding over the eventual jury trial, as well as by preventing any delay and inefficiency that would result from the review by this Court of any proposed findings of fact and conclusions of law issued by the Bankruptcy Court. Finally, Defendants contend that, following the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), there are "constitutional concerns and uncertainties" as to the extent the Bankruptcy Court may conduct proceedings relating to certain of the claims in the Adversary Proceeding, which, according to Defendants, are designated for final adjudication in the Bankruptcy Court as a statutory matter (i.e., they are properly characterized as "core" proceedings), but are prohibited from proceeding in that way as a constitutional matter.[3]

On the other hand, Plaintiff argues that the Adversary Proceeding should remain in the Bankruptcy Court for all pretrial proceedings. Plaintiff contends that the Bankruptcy Court would be the more efficient forum for resolving pretrial matters due to its general expertise in resolving the types of issues presented in the Adversary Proceeding, as well as its familiarity with the underlying bankruptcy case. Plaintiff adds that any potential uncertainty over the Bankruptcy Court's ability to exercise jurisdiction over *Stern* claims was resolved by the Supreme Court in *Arkison*, 134 S. Ct.

---

[3] Such claims are aptly referred to as "*Stern* claims." *See Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2170 (2014).

After careful consideration, the Court finds Plaintiff's arguments to be more persuasive. *First*, as Plaintiffs note, the Bankruptcy Court has already been presiding over the underlying bankruptcy case for over two years, and has also presided (and is currently presiding) over multiple related adversary proceedings. Clearly, the Bankruptcy Court is more intimately familiar with the facts, circumstances, and procedural history giving rise to the Adversary Proceeding, and is better situated for maintaining consistency between these various related proceedings. Moreover, the Adversary Proceeding concerns issues that fall squarely within the purview of the Bankruptcy Court's specialized expertise regarding insolvency-related disputes. *See* 28 U.S.C. § 157(b)(2)(H). The Court thus concludes that the interests of advancing uniformity in bankruptcy proceedings, preserving the parties' and judicial resources, and facilitating the bankruptcy process, all favor maintaining pretrial matters with the Bankruptcy Court. *Accord In re Rothstein, Rosenfeldt, Adler, P.A.*, Case No. 12-cv-60123, 2012 U.S. Dist. LEXIS 31583, at * 13 (S.D. Fla. Mar. 8, 2012) ("Withdrawal of the reference at this stage would result in this Court losing the benefit of the bankruptcy court's experience in both the law and facts, and [lead] to an inefficient allocation of judicial resources.").

*Second*, the Court agrees with Plaintiffs that *Arkison* resolved any purported uncertainty regarding the Bankruptcy Court's ability to conduct proceedings relating to any claims in the Adversary Proceeding that may be characterized as *Stern* claims. Indeed, in *Arkison*, the Supreme Court squarely held that a bankruptcy court may conduct proceedings on any such claims, and submit to the district court proposed findings of fact and conclusions of law regarding any such proceedings. *See Arkison*, 134 S. Ct. at 2173. The Court disagrees with Defendants' assertion that having the Bankruptcy Court submit proposed findings of fact and conclusions of law that are subject to its review would result in a waste of judicial resources. Although proposed findings and

4

conclusions may not be binding, they provide guidance that is helpful, at the very least, to the parties' efforts to amicably resolve the dispute. In any case, it is unlikely that, should review of any proposed findings of fact or conclusions of law be necessary, any such review will result in the wholesale duplication of labor, as this Court need only review *de novo* those matters "to which any party has timely and specifically objected," 28 U.S.C. § 157(c)(1).

*Finally*, although the parties' refusal to consent to jury trial before the Bankruptcy Court supports withdrawing the reference, this factor is not dispositive. *See In re Fundamental Long Term Care, Inc.*, Case No. 8:14-cv-1800, 2014 U.S. Dist. Lexis 125837, at *7 (M.D. Fla. Sept. 9, 2014). Rather, even assuming that withdrawal of the reference for purposes of trial would be appropriate, a court may nevertheless permit the bankruptcy court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions. *See id.* Here, the Court finds that the significant benefits of permitting the Bankruptcy Court to preside over all pretrial matters outweigh any potential harms that may arise should this Court ultimately be called upon to preside over a jury trial on the same action. Accordingly, the Court declines to withdraw the reference for pretrial purposes on the basis that the parties have demanded a jury trial before the district court.

To the extent the parties seek withdrawal of the reference for the limited purpose of conducting a jury trial, the Court declines to rule on that issue today. Rather, the Court will permit the parties to reassert their positions upon the conclusion of all pretrial matters in the Bankruptcy Court.[4]

Accordingly, it is hereby **ORDERED**:

---

[4] Indeed, Plaintiff states that he filed his motion at this early stage solely to comply with the deadline provided by M.D. Bankr. L.R. 5011-1(b)(2), thereby preserving his right to reassert his request at a later, more appropriate stage in the proceedings. *See* Doc. 1, Case No. 8:15-cv-637, at 2.

1. Defendants' Motion for Immediate Withdrawal of the Reference of this Adversary Proceeding in its Entirety (Doc. 1, Case No. 8:15-cv-636) is **DENIED, without prejudice**; and

2. Plaintiff's Limited Motion to Withdraw the Reference (Doc. 1, Case No. 8:15-cv-637) is **DENIED, without prejudice**.

3. Either party may reassert a request for withdrawal of the reference at the conclusion of all pretrial matters.

4. The Clerk is directed to transmit a copy of this Opinion and Order to the Clerk of the United States Bankruptcy Court for the Middle District of Florida, and to close this case as well as Case No. 8:15-cv-637, which has been consolidated into this action.

**DONE AND ORDERED** in Tampa, Florida on July 2, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any
Bankruptcy Judge K. Rodney May
Clerk of the Bankruptcy Court